DILLON, Judge, dissenting.
Petitioner is a Delaware corporation which purportedly owns an interest in certain real estate in North Carolina (the "Property") as a tenant in common. Petitioner, however, has been dissolved and does not have a certificate of authority to transact business in North Carolina from our Secretary of State.
Petitioner filed this special proceeding seeking a partition of the Property. The trial court granted summary judgment for Respondents, who argue that they are the sole owners of the Property. The trial court based its summary judgment order on its conclusion that Petitioner lacked the capacity to seek a partition because (1) it is a dissolved Delaware corporation without a certificate of authority to transact business in North Carolina and (2) it failed to plead its capacity to sue as required by Rule 9(a) of our Rules of Civil Procedure.
The majority affirms the order and reasoning of the trial court. However, because I believe that the law is clear that Petitioner does not need a certificate of authority to petition for a partition of its real estate and because I believe that Petitioner has not violated Rule 9(a), I respectfully dissent.
I. Certificate of Authority
The majority correctly explains that a foreign corporation does not need a certificate of authority to maintain a proceeding in our courts if it is not "transacting business" in North Carolina. Here, Petitioner argues that it is not "transacting business" in North Carolina and therefore does not need a certificate of authority in order to petition the trial court to partition the Property. I agree. Specifically, the only activities Petitioner engages in within our State are (1) that it purportedly owns an interest in the Property, and (2) it has brought this proceeding to partition the Property. Our General Assembly has expressly held that a foreign corporation is not considered to be "transacting business" for purposes *171 of requiring a certificate of authority "by reason of ... [o]wning, without more, real or personal property," N.C. Gen. Stat. § 55-15-01(b)(11) (2015), or "by reason of ... [m]aintaining or defending any action or suit[.]" N.C. Gen. Stat. § 55-15-01(b)(1).[2] Therefore, Petitioner does not need a certificate of authority issued by our Secretary *186 of State to maintain this special proceeding.
Further, I believe that the fact that Petitioner is dissolved does not change the result. Our General Assembly has provided that a dissolved corporation may still dispose of its properties, N.C. Gen. Stat. § 55-14-05(a)(2) (2015) ; it may do every other act necessary to wind up and liquidate its assets, N.C. Gen. Stat. § 55-14-05(a)(5) ; and it is not otherwise prevented from commencing a proceeding in its corporate name, N.C. Gen. Stat. § 55-14-05(b)(5). And our Supreme Court has held that a foreign corporation has the authority to deal with its real property in the same manner as a North Carolina corporation. See Barcello v. Hapgood , 118 N.C. 712, 729, 24 S.E. 124, 126 (1896) ("The general rule is that foreign corporations may acquire real and personal property such as a tract of land ..., like domestic corporations[.]").
II. Rule 9(a) of the N.C. Rules of Civil Procedure.
Rule 9(a) of our Rules of Civil Procedure requires that "[a]ny party not a natural person shall make an affirmative averment showing its legal existence and capacity to sue." Here, Petitioner alleged that it was a Delaware corporation, but otherwise did not allege that it had engaged in any activity other than owning real estate. Therefore, for the reasons stated in the prior section, I do not believe that Petitioner was required to aver that it had not been dissolved or had obtained a certificate of authority to transact business in North Carolina. Indeed, the General Assembly has provided that dissolved corporations are not prevented from suing in their own name. N.C. Gen. Stat. § 55-14-05(b)(5). Accordingly, I believe that summary judgment on the basis of a failure to comply with Rule 9(a) was error.
For the foregoing reasons, my vote is to reverse the order of summary judgment.

If Petitioner is successful in obtaining a partition, it may be that Petitioner will, one day in the future, sell its portion of the Property. However, even the Petitioner's act of selling the Property is not considered "transacting business" for purposes of Chapter 55. See N.C. Gen. Stat. § 55-15-01(b)(9) ("Transacting business" does not include "[c]onducting an isolated transaction completed within a period of six months and not in the course of a number of repeated transactions of like nature[.]").